■ ROBERT LYONS et al., Respondents, v MT. BETHEL HUMUS Co., INC., Respondent, and STANLEY WRONOWSKI, Appellant. [655 NYS2d 993] —In a shareholder's derivative action, the defendant Stanley Wronowski appeals from an amended judgment of the Supreme Court, Orange County (Braatz, J.), dated August 12, 1994, which, after a jury trial, is in favor of the plaintiffs and against him in the principal sum of $172,942.23. The appellant's notice of appeal from the judgment dated July 11, 1994, is deemed a premature notice of appeal from the amended judgment *(see,* CPLR 5520 [c]).

Ordered that the amended judgment is affirmed, with costs.

The defendant Mt. Bethel Humus Co., Inc. (hereinafter Bethel) is a corporation engaged, *inter alia,* in the production of peat and potting soil. At all times pertinent to this appeal Bethel was operated by the plaintiff Robert Lyons and/or the appellant Stanley Wronowski. In this action, the plaintiff Grace Wronowski, the appellant's former wife, and the plaintiff Robert Lyons, each claiming to own more than 40% of the outstanding shares of Bethel, allege that the appellant, in his role as president of Bethel, engaged in self-dealing which was intended, *inter alia,* to diminish the value of the company so as to reduce the appellant's potential liability to Grace Wronowski in their then-pending divorce action. Following a jury trial, the appellant was found liable for various misdeeds. We affirm.

Contrary to the appellant's contentions, the record fully sup-

ports the jury's conclusion that the appellant effectively transferred his interest in Bethel to Grace Wronowski. Indeed, the January 1995 judgment of divorce which terminated the Wronowskis' marriage expressly recognized the appellant's withdrawal of his opposition to Grace Wronowski's claim that he transferred his 50% interest in Bethel to her in 1984. His present contentions to the contrary thus ring hollow.

Furthermore, we find that there was ample evidence to lead a rational jury to conclude that the appellant deliberately diminished the value of Bethel, *inter alia,* by unjustifiably failing to fill orders for potting soil for Pergament stores. As a result Bethel lost substantial revenues while the Wronowski's matrimonial litigation was pending. Since this finding rests upon a fair interpretation of the evidence, it should be sustained *(see, Nicastro v Park,* 113 AD2d 129).

The appellant's remaining contentions are without merit. Miller, J. P., Ritter, Thompson and Krausman, JJ., concur.